UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES B. HARDING CONSTRUCTION, INC., A Suspended California Corporation,<br><br>Defendant.<br>_____/ | No. C-14-1140 EMC<br><br>**ORDER (1) RE SUPPLEMENTAL BRIEFING RE DAMAGES; AND (2) VACATING HEARING** |

Plaintiffs the Board of Trustees are Trustees of the Cement Masons Health and Welfare Trust Fund of Northern California, Cement Masons Pension Trust Fund, Vacation/Holiday Trust Fund, and Apprenticeship and Training Trust Fund. Plaintiffs filed suit against Defendant Charles B. Harding Construction, Inc., a suspended California corporation, asserting claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and the Labor Management Relations Act, 29 U.S.C. § 185. After Defendant failed to respond to Plaintiffs' complaint, default was entered against Defendant on July 14, 2014. *See* Docket No. 20. Plaintiffs thereafter moved for default judgment on September 11, 2014. *See* Docket No. 24.

The Court has reviewed the Plaintiffs' moving papers and supporting documentation. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Federal Rule of Civil Procedure 55 reflects a policy that "even a defaulting

party is entitled to have its opponent produce some evidence to support an award of damages." *LG Electronics, Inc. v. Advance Creative Computer Corp.*, 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002). Accordingly, a plaintiff seeking default judgment must adequately support its claimed damages with evidentiary support. *See, e.g.*, *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("Plaintiff is required to prove all damages sought in the complaint.").

In their complaint, Plaintiffs are seeking the following damages: $41,033.05 in unpaid contributions, $37,713.92 in liquidated damages, and "actual damages." Complaint at 5 (Docket No. 1). In support of their motion for default judgment, Plaintiffs have produced a declaration from Michelle Lauziere, the Accounts Receivable Manager for the Laborer Finds Administrative Office of Northern California, Inc., which provides administrative services for the Cement Masons Trust Funds. *See* Lauziere Decl. (Docket No. 26). With regards to the requested unpaid contributions, Ms. Lauziere simply asserts that an audit revealed that Defendant owed $41,033.05 in unpaid contributions. *Id.* ¶ 12. She cites "Exhibit G" to her declaration, but this exhibit is nothing more than a single page "summary of amounts due" that provides no support for the $41,033.05 figure. *See id.*, Ex. G. With regard to liquidated damages, Ms. Lauziere explains that liquidated damages are assessed at a flat fee of $150.00 per month, along with interest of 1.5% per month on all unpaid contributions. *See* Lauziere Decl. ¶ 13. However, given Plaintiffs' failure to adequately support the unclaimed contributions being sought, the Court cannot determine if the $37,713.92 liquidated damages figure is accurate. Accordingly, the record is simply insufficient for the Court to verify the amount of damages requested.

Accordingly, the hearing on Plaintiffs' motion and the Case Management Conference, both currently set for November 4, 2014, are hereby **VACATED** and reset for Thursday, December 11, 2014 at 1:30 p.m. The Court hereby **ORDERS** Plaintiffs to provide supplemental briefing that shall explain, and provide sufficient underlying evidentiary support for, Plaintiffs' calculation of unpaid contributions and liquidated damages. This supplemental briefing and evidentiary showing shall be filed by **Friday, November 7, 2014** at **5:30 p.m**. A Joint Case Management Conference statement shall be filed by December 4, 2014.

Plaintiffs shall serve a copy of this order on Defendant within three days of this Order. Plaintiffs shall also serve a copy of their supplemental brief and evidentiary showing on Defendant at the same time they file this information with the Court.

IT IS SO ORDERED.

Dated: October 29, 2014

_____
EDWARD M. CHEN
United States District Judge