UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES B. HARDING CONSTRUCTION, INC., <br><br> Defendant. | Case No. 14-cv-01140-EMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE JUDGMENT** <br><br> Docket No. 57 |

## I. INTRODUCTION

Plaintiffs are fiduciaries for the following trust funds: Cement Masons Health and Welfare Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, Cement Masons Vacation/Holiday Trust Fund for Northern California, Cement Masons Apprenticeship and Training Trust Fund for Northern California ("Plaintiffs"). *See* Docket No. 1 (Compl.). Plaintiffs commenced this action against Defendant Charles B. Harding Construction, Inc. on March 11, 2014, asserting claims pursuant to the Employee Retirement Income Security Act (ERISA) and the Labor Management Relations Act. *Id.* This Court granted Plaintiff's motion for default judgment and entered judgment against Defendant. Docket No. 41; Docket No. 42.

Plaintiffs now move to amend the judgment to add the correct Defendants in order to make the judgment enforceable. Plaintiffs' motion came on for hearing before the Court on December 10, 2015. Defendant did not appear at the hearing, nor did Defendant file an opposition. For the reasons set forth below, the Court **GRANTS** the motion to amend the judgment.

## II. BACKGROUND

This action arose out of a Memorandum Agreement between Defendant and the District Council of Plasterers and Cement Masons of Northern California. *See* Docket No. 57-5. The Memorandum Agreement lists the Contractor's License Number for "Harding Construction, Inc." as 763644. *Id.* The California State License Board records indicate that the license number is issued to "CHARLES B. HARDING CONSTRUCTION" and that Mr. Charles Burgess Harding is the sole owner and only known person associated with the license. *See* Docket No. 57-6 (Lauziere Dec., Exh. B). Mr. Harding is also the agent for service of process for Charles B. Harding Construction, Inc., and was personally served with the summons at the address listed in the State License Board's Contractor's License Detail for license number 763644. *See* Docket No. 12; Docket No. 57-7 (Lauziere Dec., Exh. C).

After Mr. Harding failed to respond to the complaint, Plaintiffs served Mr. Harding with their request to enter default. *See* Docket No. 19. On July 14, 2014, the clerk of this court entered default against Defendant for failing to respond to Plaintiffs' complaint. Docket No. 20. Plaintiffs then moved for entry of default judgment. Docket No. 24. Plaintiffs again served Mr. Harding with the motion for default judgment. Docket No. 27. After Defendant failed to appear, the Court granted Plaintiffs' motion for default judgment and issued a judgment in favor of Plaintiffs, ordering Charles B. Harding Construction, Inc. "to pay to Plaintiffs $81,208.95 for unpaid contributions, interest, and liquidated damages, $12,102.50 for reasonable attorneys' fees, and $3,005.66 for costs." Docket Nos. 39, 42.

Plaintiffs then sought to enforce the judgment by recording it with the State License Board. The State License Board denied their request because Defendant's name on the judgment did not match the name corresponding with license #763644. Docket No. 57-2. The Board required Plaintiffs to provide them with an amended judgment with the proper defendant name --Charles B. Harding Construction or Charles Burgess Harding, individually. *Id.* Accordingly, Plaintiffs now request that the Court amend the judgment pursuant to Federal Rules of Civil Procedure 69(a) and California Code of Civil Procedure sections 116.560 and 187.

### III. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The Ninth Circuit has held that Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (quoting *Peacock v. Thomas*, 516 U.S. 349, 360 n. 7 (1996)). Accordingly, under Rule 69(a), the Court looks to whether California law authorizes amendment to add Mr. Harding, individually, and d/b/a Charles B. Harding Construction.

In general, California permits "liberal post-judgment amendment . . . in order to identify the correct name of a fictitious entity, and 'to protect those dealing with individuals or partnerships doing business under fictitious names.'" *Mad Dogg Athletics, Inc. v. NYC Holding*, 565 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008) (quoting Cal. Bus. & Prof. Code § 17900). California law authorizes the amendment of judgments in two ways. First, California Code of Civil Procedure section 116.50 provides that a plaintiff may at any time request the court "to amend the plaintiff's claim or judgment to include both the correct legal name and the name or names actually used by the defendant."

The present case involves correcting the name of a fictitious entity. The evidence in the record shows that Charles B. Harding Construction, Inc., Harding Construction, Inc., and Charles B. Harding are all names actually used by Mr. Harding. *See Mad Dogg Athletics, Inc.*, 565 F. Supp. 2d at 1130 (finding good cause under section 116.560 for amendment because the defendant and added party were interchangeable). Specifically, the California State License Board records indicate that contractor license number 763644 corresponds to Charles B. Harding Construction, Inc. and that Charles Burgess Harding, the individual, is the sole owner. Lauziere Dec., Exh. B The Memorandum Agreement, which gave rise to this litigation, was signed with this same

contractor license number, but under the name "Harding Construction Inc." Lauziere Dec., Exh. A.  Mr. Harding was also personally served with the complaint at the address listed in the State License Board's records for contractor license number 763644.  Docket No. 12.  The Court finds that the name on the Memorandum Agreement and the name registered to contractor license number 763644 are interchangeable, and therefore amendment is proper under section 116.560 because Plaintiffs merely seek to correct Defendant's name.

Moreover, amendment is proper under California Rule of Civil Procedure section 187. Section 187 provides:

> When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.

Under section 187, the court "has the authority to amend a judgment to add additional judgment debtors." *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (quoting *Issa v. Alzammar,* 38 Cal. App. 4th Supp. 1, 4 (1995)).  In order to satisfy due process concerns, a court may add a judgment-debtor under section 187 if the party to be added: (1) is the alter ego of the old party, and (2) controlled the litigation, thereby having the opportunity to litigate.  *In re Levander*, 180 F.3d at 1121 (citing *Triplett v. Farmers Ins. Exchange*, 24 Cal. App. 4th 1415, 1421 (1994)).

To satisfy the first requirement, the judgment-debtor to be added does not need to meet the formal requirements for alter ego liability.  *See Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 21-23 (1994) (finding that equitable principles warranted amendment to add a party to the judgment even though the added party did not meet the formal requirements of alter ego liability because the added party participated fully in the trial on the merits).  Under the second requirement, the added party must have "controlled" the litigation.  *In re Levander*, 180 F.3d at 1121 (citing *Triplett*, 24 Cal. App. 4th at 1421).  This second requirement exists in order to satisfy any due process concerns by ensuring that the added party had an opportunity to litigate.  *Triplett*, 24 Cal. App. 4th at 1421–22.

4

Here, the first factor is satisfied because Plaintiffs are not seeking to add a new defendant, but are asking this Court to amend the judgment to reflect Defendant's correct name. The correct name of the Defendant is that registered to contractor's license number 763644 -- Charles B. Harding Construction or Charles B. Harding -- not "Harding Construction, Inc." The second requirement is also satisfied because as the sole owner of Charles B. Harding Construction or Harding Construction, Inc., Mr. Harding had control of the litigation but chose not to defend the action despite being properly served with the complaint and all of Plaintiffs' motions. *See Odnil Music Ltd. v. Katharsis LLC*, No. CIVS050545-WBS-EFB-PS, 2007 WL 3308857, at *9 (E.D. Cal. Nov. 6, 2007) (finding that two trusts had adequate control of the underlying litigation because the named defendant was the trustee and exercised control over both trusts); *Mad Dogg Athletics*, 565 F. Supp. 2d at 1130 ("Moreover, as NYC Holding, Mr. Whitney was properly served with the initial Complaint and Motion for Entry of Default Judgment by Plaintiff, and thus received a full and fair opportunity to defend himself."). Mr. Harding was also served with the instant motion. Docket No. 58. Thus, Mr. Harding had a "full and fair opportunity to defend himself," and there are no due process concerns from adding him to the judgment under section 187. *Mad Dog Athletics*, 565 F. Supp. 2d at 1130.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Amend Judgment. The Judgment shall be amended to add Charles B. Harding, individually and doing business as Charles B. Harding Construction and Harding Construction, Inc.

This order disposes of Docket No. 57.

**IT IS SO ORDERED**.

Dated: December 15, 2015

_____
EDWARD M. CHEN
United States District Judge

5